UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JAMIE A. REINESTO,**

   Plaintiff,

v.                                            No. 4:22-cv-0611-P

**COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,**

   Defendant.

## ORDER

The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR"), recommending that the Court affirm the Commissioner's decision denying Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 17. After reviewing the FCR de novo, the Court **AFFIRMS** the Commissioner's decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 17), and **OVERRULES** Plaintiff's Objections (ECF No. 18).

## BACKGROUND

Plaintiff suffers from four severe impairments: depression, anxiety, post-traumatic stress disorder, and a non-epileptic seizure disorder. Plaintiff filed her DIB and SSI applications in October 2019, alleging that her disability began in November 2018. The Commissioner of Social Security denied Plaintiff's applications initially and again upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act, and the Appeals Council denied Plaintiff's request for review. After exhausting her administrative remedies, Plaintiff filed this action seeking judicial review of the final decision pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g). The Magistrate Judge issued its FCR and Plaintiff timely objected.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed de novo if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by "substantial evidence" in the record as a whole. *Leggett v. Chafer*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if "no credible evidentiary choices or medical findings support the decision." *Id.*[1]

## ANALYSIS

### A. The Magistrate Judge's Recommendation

The Court adopts and accepts the reasoning in the Magistrate Judge's FCR. The Court now reviews Plaintiff's objections.

### B. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's finding that the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence. *See* ECF No. 18 at 1. The RFC is a measure of a claimant's residual capacity to perform work-related functions. Specifically, Plaintiff argues that the ALJ failed to properly evaluate (1) the work-related limitations arising from Plaintiff's non-epileptic seizures, (2) the frequency of Plaintiff's seizures, and (3) the severity of Plaintiff's migraines. *See id.*

---

[1]Four elements of proof are weighed in determining whether substantial evidence exists: 1) objective medical facts; 2) diagnoses and opinions of treating and examining physicians; 3) claimant's subjective evidence of pain and disability; and 4) claimant's age, education, and work history. *See Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

2

1. Limitations Arising from Plaintiff's Non-Epileptic Seizures

*First*, Plaintiff argues that the ALJ improperly relied on the opinions of state agency medical and psychological consultants ("SAMCs") in determining Plaintiff's RFC. *See* ECF No. 18 at 2. Specifically, Plaintiff argues that because the SAMCs mischaracterized Plaintiff's impairment as epileptic seizures—instead of non-epileptic seizures—the ALJ improperly relied on those opinions and the ALJ's RFC determination was not supported by substantial evidence. *See id.*

Although the SAMCs mislabeled Plaintiff's seizures, relevant here, the SAMCs considered the work-related limitations arising from them. The SAMCs in this case opined that Plaintiff's seizures preclude her from work involving the "climbing of ladders, ropes, or scaffolds, or working at unprotected heights, or around dangerous, unprotected major manufacturing machinery." ECF No. 12-1 at 233–35, 247–48, 272–75, 292–93. It was these opinions on which the ALJ relied in determining Plaintiff's RFC. *See id.* at 121. Thus, although the SAMCs mischaracterized Plaintiff's seizures, the ALJ properly relied on the opinions regarding Plaintiff's physical limitations.

Plaintiff argues that even if the SAMCs properly considered Plaintiff's physical limitations arising from seizures, they did not consider the mental limitations that can trigger a non-epileptic seizure. *See* ECF No. 18 at 2–3. While the effects of non-epileptic seizures are similar to epileptic seizures, the causes are different. Epileptic seizures are caused by "a sudden abnormal electrical discharge in the brain," whereas non-epileptic seizures "have no physical cause; rather, they are said to be psychogenic, or physical reactions to psychological stresses." *Boiles v. Barnhart*, 395 F.3d 421, 422 (7th Cir. 2005) (citing Ronald P. Lesser, *Treatment and Outcome of Psychogenic Nonepileptic Seizures*, 3 EPILEPSY CURRENTS 198, 198 (2003)). Plaintiff thus argues that the ALJ did not account for the psychological stresses that can trigger a non-epileptic seizure.

But the SAMCs also considered Plaintiff's mental impairments—such as her history of abuse, anxiety, depression, and PTSD. *See* ECF

3

No. 12-1 at 232–36, 245–49, 270–76. The SAMCs concluded that Plaintiff is capable of "work of limited complexity but which requires accuracy and attention to detail; cannot work closely with supervisors or coworkers, can accept supervision and relate to coworkers if contact is not frequent or prolonged." *Id.* at 276, 296. The ALJ relied on these medical opinions in determining Plaintiff's RFC. *Id.* at 121. Because non-epileptic seizures are "attributed to underlying psychological disturbance," *see Boiles*, 395 F.3d at 422, and because the SAMCs considered the mental limitations arising from Plaintiff's underlying psychological disturbance, the ALJ properly relied on these opinions in determining Plaintiff's RFC.

Nonetheless, Plaintiff maintains that "the ALJ never considered the effect of stress upon the Plaintiff's seizure disorder," nor did the ALJ "include any limitations with regard to stressful environments in her residual functional capacity determination." ECF No. 18 at 2. But in fact, the ALJ specifically noted that since "mentally strenuous and stressful situations have been capable of triggering seizure activity," the RFC limits Plaintiff to non-strenuous mental tasks involving limited interaction with supervisors and coworkers. ECF No. 12-1 at 124. Thus, the ALJ did consider the effect of stress upon Plaintiff's seizure disorder.

For these reasons, the ALJ properly relied on the SAMCs' opinions and the ALJ's RFC determination was supported by substantial evidence.

2. Frequency of Plaintiff's Non-Epileptic Seizures

*Second*, Plaintiff points out that the ALJ misstated the frequency of Plaintiff's seizures. Plaintiff argues that this misstatement casts into doubt the existence of substantial evidence to support the ALJ's decision. *See* ECF No. 18 at 3–4.

If indeed the ALJ erred, then the Court "must determine whether the error was harmless." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007)); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required [as long as] the substantial rights of a party have [not] been affected."). To be entitled to relief, a claimant must establish that the ALJ erred and that the ALJ's

error "cast[s] into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

Plaintiff claims the ALJ "reported that the Plaintiff did not have seizures between May 23, 2019 and April 2021." ECF No. 18 at 3. In fact, the ALJ stated that from May 23, 2019, Plaintiff "did not experience seizures *while adhering to her prescription for Keppra* until April 2021." ECF No. 12-1 at 123 (emphasis added). But a complete reading of the statement in question seems to indicate that "April 2021" was a typographical error that should have read "April 2020." In the preceding paragraph, the ALJ explained:

> She [Plaintiff] was prescribed Keppra on May 23, 2019. On November 15, 2019, the claimant reported that she had not experienced seizures until she ran out of Keppra two months earlier, adding that she had experienced five seizures since stopping Keppra while pregnant. On February 20, 2020, she denied having seizures since her previous appointment. On March 9, 2020, the claimant reported that she was taking Keppra when not breastfeeding her infant. Although she complained of seizures on April 21, 2020, the claimant indicated that Keppra continued to be beneficial.

*Id.* (internal citations omitted). It appears the ALJ's point was that Plaintiff had not experienced seizures while adhering to her prescription for Keppra from May 2019 to April 2020. This shows that Keppra was effective in managing Plaintiff's seizures during that time.

This reading of the ALJ's statement is consistent with the chronological nature of the paragraph as a whole. In the sentence following the ALJ's misstatement, the ALJ writes "[f]rom April 2021 [sic], the record does not refer to seizures until September 2020, when she had two seizures, and one seizure per month from October through December 2020." *Id.* It appears that this sentence should have read "from April 2020, the record does not refer to seizures until September 2020 . . . ." Such a typographical error does not affect the "substantial rights of a party" and thus constitutes harmless error. *See Morris*, 864 F.2d at 335; *see also Castillo v. Saul*, 2021 WL 3232453, at *6 (S.D. Tex. July 14, 2021), *report and recommendation adopted*, 2021 WL 3207973 (S.D. Tex. July 29, 2021) (Hittner, J.) ("This typographical error, while unfortunate, does not undermine the ALJ's decision. The court's task is

5

not to find typos, but to determine whether the ALJ's decision is supported by substantial evidence."). For these reasons, the ALJ's misstatement regarding the frequency of Plaintiff's seizures does not cast into doubt the existence of substantial evidence to support the ALJ's decision.

### 3. Severity of Plaintiff's Migraines

*Third*, Plaintiff argues that substantial evidence does not support the ALJ's determination that Plaintiff's migraines are not severe.[2] *See* ECF No. 18 at 4.

An impairment is not severe if it has "such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Further, to establish a disability, a claimant must establish that her impairment "has lasted or can be expected to last for a continuous period of not less than 12 months." *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

The ALJ found that Plaintiff's migraines are not severe because she "has not demonstrated that her migraines imposed more than a minimal limitation to her ability to perform work activities for a continuous period of at least twelve months." ECF No. 12-1 at 119. This finding is supported by the record. The ALJ noted that Plaintiff had managed her migraines conservatively with non-prescription medication until her migraines worsened. *See id.* From July 2020 to October 2020, Plaintiff began experiencing 2–3 migraines per week. *See* ECF No. 12-3 at 129. Plaintiff received a prescription for Topamax in October 2020, which substantially reduced the frequency of her migraines—from 2–3

---

[2]To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. *Second, the claimant must have an impairment or combination of impairments that are severe.* Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education, and past work experience. *Crowley v. Apfel*, 197 F.3d 194, 198 (5th Cir. 1999) (emphasis added).

6

migraines per week (October 2020) to 2 migraines in three weeks (November 2020). ECF No. 12-3 at 129, 138. In September 2021, shortly before the ALJ's decision, medical records indicate that Plaintiff was experiencing 1–2 migraines per month. ECF No. 12-1 at 67.

As discussed in the Magistrate Judge's FCR, the ALJ's finding is apparently based on the medical records from October 2020, when Plaintiff began taking Topamax, to September 2021, the date of the ALJ's decision. *See* ECF No. 17 at 15 n.7; *see also* ECF No. 12-1 at 124. Throughout this period, Plaintiff experienced a significant decrease in the frequency of her migraines. Thus, the ALJ concluded that Plaintiff's migraines were not severe and had not limited her ability to work for a continuous period of at least twelve months. *See* ECF No. 12-1 at 119. The ALJ also noted discrepancies in the frequency of Plaintiff's migraines as reported by Plaintiff compared to her medical records. *See id.* at 123.

In light of the substantial decrease in frequency of Plaintiff's migraines, and because Plaintiff has failed to identify any evidence—beyond her own speculation—that her less-frequent migraines limited her ability to work, the ALJ's finding is supported by substantial evidence.

## CONCLUSION

After reviewing the FCR de novo, the Court **AFFIRMS** the Commissioner's decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 17), and **OVERRULES** Plaintiffs' Objection (ECF No. 18). Plaintiff's claims are thus **DISMISSED with prejudice**.

**SO ORDERED** on this **22nd day of September 2023.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE